Elisha Barrows *versus* William Bridge & al.

If a poor debtor's bond, given since the Revised Statutes were in force, be not taken for precisely double the amount for which the debtor stood liable, it is not a statute bond, and is good only at common law.

The parties agreed upon a statement of facts.

Debt on bond, dated 18th January, 1840, in the penal sum of $237,02. The officer holding an execution in favor of the plaintiff against said Bridge, arrested him on December 30, 1839. Bridge signified his intention to give bond as allowed by law in order to procure his liberation from arrest, whereupon the officer prepared the bond in its present form, except that it bore date of December 30, and handed it to said Bridge to be executed. It was delivered to the officer on January 18, 1840, with the date altered to its present form. The additional interest was not added. The condition of the bond was never performed. The plaintiff insisted that the bond is valid as a statute bond, entitling him to judgment according to the Revised Statutes, c. 148, § 39. The defendants insisted that it is valid, not as a statute bond, but only at common law, and propose to prove by witnesses that Bridge was destitute of property, with a view to reduce damages. It was agreed, that the action should be defaulted, if the Court should be of opinion with the plaintiff on the point aforesaid, and that judgment should be rendered according to the provisions of Revis-

ed Statute, c, 148, § 39. But if otherwise, the damage is to be assessed by a jury.

At the May Term, 1842, it was agreed that the case should be argued in writing. Arguments were afterwards furnished by

*Potter*, for the plaintiff — and by

*McCobb*, for the defendants.

On June 3d, 1843, the opinion of the Court was delivered by

WHITMAN C. J. — The bond in this case does not appear to have been taken for precisely double the amount for which the debtor stood liable, and therefore is not a statute bond, and is good only at common law. The plaintiff therefore can recover only the actual damage sustained, which is, according to the agreement of the parties, to be assessed by a jury.